IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KRISTINA BENSON,**

    **Plaintiff,**

  **v.**                                                                                                **No. 13-cv-0781 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 15] ("Motion"), filed on April 8, 2014. The Commissioner responded on June 3, 2014. [Doc. 16]. Plaintiff replied on July 1, 2014. [Doc. 17]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that several portions of the residual functional capacity ("RFC") assessment are not supported by substantial evidence and that the Administrative Law Judge ("ALJ") impermissibly picked and chose from among the findings in Dr. Walker's report. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on March 18, 2009. Tr. 10. She alleged a disability-onset date of January 15, 2009. Tr. 15. Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Donna Montano held a hearing on July 22, 2011, in Albuquerque, New Mexico. *Id.* Plaintiff appeared by video conference from El Paso, Texas, with her attorney, Michelle Baca.[3] *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert, David Couch. Tr. 10, 45−52.

The ALJ issued her unfavorable decision on January 25, 2012. Tr. 15–24. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "diabetes mellitus; probable left carpal tunnel syndrome; and adjustment disorder." Tr. 12. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 12–14.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 14–18. The ALJ found that

> [D]ue to a combination of impairments, and associated pain, [Plaintiff] has the [RFC] to lift and carry fifty pounds occasionally and twenty-five pounds frequently. [Plaintiff] can stand and/or walk about six hours in an eight-hour workday and sit for at least six hours in an eight-hour workday. She can only occasionally perform fine finger manipulations of both hands. [Plaintiff]

---

[3] Although Plaintiff was represented at the hearing by attorney Baca, before this Court she is represented by attorney Francesca MacDowell and the Michael Armstrong Law Office.

> should avoid concentrated exposure to extreme heat and extreme cold. In addition, [Plaintiff] can understand, remember, and carry out detailed instructions, but not complex ones. She can attend and concentrate for up to two hours at a time. [Plaintiff] is able to interact appropriately with co-workers and supervisors. She can make work related decisions, and adapt to changes in routine work settings.

Tr. 14. At step four, the ALJ found that Plaintiff could not return to any of her past relevant work. Tr. 18. At step five, the ALJ found that Plaintiff was able to perform other jobs that exist in significant numbers in the national economy based on Plaintiff's RFC, age, education, and work experience. Tr. 19–20. Specifically, the ALJ found that Plaintiff was able to perform the requirements of call-out operator (Dictionary of Occupational Titles ("DOT") number 247.367-014), surveillance-system monitor (DOT number 379.671-010), and election clerk (DOT number 205.367-030). *Id.* Ultimately, the ALJ determined that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and on that basis, she denied the claims. Tr. 20. The Appeals Council denied Plaintiff's request for review on June 19, 2013. Tr. 1−3. Plaintiff timely filed the instant action on August 21, 2013. [Doc. 1].

## Analysis

Although some portions of the RFC assessment are supported by substantial evidence, others are not. For example, the ALJ's assessment that Plaintiff can occasionally perform fine finger manipulations of both hands is contrary to Dr. Moedl's opinion, which is the only medical opinion in the record that addresses Plaintiff's ability to perform such manual manipulations. Remand is also warranted to allow the ALJ to explain why she adopted some of Dr. Walker's mental restrictions but rejected others. Because the RFC assessment may be

5

changed on remand to address these errors, the Court declines at this time to address Plaintiff's other alleged errors.

> I. The RFC assessment that Plaintiff can stand and walk for six hours is supported by substantial evidence.

A state agency physician, Dr. Nickerson, gave the opinion that Plaintiff could stand and/or walk for six hours in an eight-hour workday. Tr. 314. Plaintiff argues that the ALJ erred in giving controlling weight to Dr. Nickerson's opinion when there was contrary evidence from Plaintiff's treating providers. [Doc. 15] at 17–18. Plaintiff further argues that the ALJ erred in failing to make "detailed findings" to support the RFC assessment that Plaintiff could stand and/or walk for six hours, and therefore, such assessment is not supported by substantial evidence. *Id.* at 18.

Specifically, Plaintiff points to five medical records that refer to pain or other issues with Plaintiff's feet and legs. *Id.* at 17 (citing Tr. 232, 304, 367, 246, 311). But these records say nothing about how these problems limit Plaintiff's functioning, if at all. *See* Tr. 232, 304, 367, 246, 311. Dr. Nickerson, however, specifically opined that Plaintiff could stand and/or walk for six hours in an eight-hour workday. Tr. 314. The records cited by Plaintiff are not inconsistent with Dr. Nickerson's opinion. *Compare* Tr. 314 (Dr. Nickerson's opinion regarding Plaintiff's ability to stand and/or walk), *with* Tr. 232, 304, 367, 246, 311 (Plaintiff's treatment records reflecting feet complaints but no specific functional limitations). Therefore, the Court finds no error in the ALJ's adopting Dr. Nickerson's opinion. However, to the extent that there is an inconsistency, the ALJ sufficiently explained and supported her decision to credit Dr. Nickerson. Tr. 16–18. She explained in detail that Plaintiff's foot problems were

attributable to Plaintiff's own failure to comply with treatment recommendations and that when she did comply with her treatment, her symptoms improved. *See id.* The Court may not reweigh the evidence. *See Flaherty*, 515 F.3d at 1070. The RFC assessment that Plaintiff can stand and/or walk for six hours in an eight-hour workday is supported by substantial evidence.

## II. The ALJ sufficiently evaluated and made findings regarding Plaintiff's vision complaints.

Plaintiff complains that the ALJ "failed to provide a meaningful discussion" of the evidence of Plaintiff's vision problems. [Doc. 15] at 18 (citing Tr. 356, 352–53). The Commissioner disagrees. [Doc. 16] at 6. The Commissioner is correct.

The ALJ specifically referenced the same medical records (indicating Plaintiff's vision problems) that Plaintiff now cites. *See* Tr. 16. The ALJ found that after Plaintiff's laser eye treatment on October 30, 2009, there was "no further indication that [Plaintiff's] vision [caused] her any problems." *Id.* Accordingly, no visual limitation was included in the RFC. Plaintiff does not cite any evidence of record that is inconsistent with the ALJ's findings. Therefore, the Court finds no error in the ALJ's evaluation of Plaintiff's vision problems and no error in the RFC assessment's lack of any visual limitation.

## III. The RFC assessment that Plaintiff can occasionally perform fine finger manipulations is not supported by substantial evidence.

Plaintiff makes a similar argument regarding the RFC assessment that Plaintiff can "occasionally perform fine finger manipulations of both hands." Tr. 14. Of particular relevance is the written opinion of Dr. Moedl, a state agency physician, who examined Plaintiff on April 19, 2010. Tr. 310–12. Among other findings, Dr. Moedl opined that "[Plaintiff] cannot

manipulate a small coin or round object in the fingers of either hand." Tr. 312. Although other providers in the record noted hand and arm issues, Dr. Moedl appears to have been the only provider who gave an opinion about any functional limitation of Plaintiff's hands. The ALJ referred to Dr. Moedl's limitation in her decision, Tr. 16, and she expressly gave "great weight" to the opinions of the state agency medical consultants, Tr. 18. Nevertheless, the ALJ opined that Plaintiff could "occasionally perform fine finger manipulations of both hands." Tr. 14. The Commissioner argues that Dr. Moedl's restriction is consistent with the ALJ's RFC assessment, but she does not explain her reasoning. [Doc. 16] at 6. Plaintiff replies that "an **inability** to perform fine manipulation [cannot be] consistent with the ability to perform fine manipulation occasionally[.]" [Doc. 17] at 2. The Court agrees with Plaintiff. The ALJ's RFC assessment that Plaintiff can occasionally perform fine finger manipulation of both hands is not supported by substantial evidence. Remand is warranted.

### IV. The ALJ impermissibly picked and chose from among the findings in Dr. Walker's report.

Plaintiff argues that the ALJ erred in adopting some, but not all, of the mental functional limitations assessed by Dr. Walker. [Doc. 15] at 18–20. Plaintiff acknowledges that the ALJ was not bound by Dr. Walker's opinion. *Id.* at 19. However, she correctly points out that because the ALJ adopted some, but not all, of the assessed limitations, she was required to explain her reasoning. *Id.* (citing SSR 96-6p, 1996 SSR LEXIS 3, at *2; *Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007)).

Specifically, Dr. Walker found that Plaintiff was "moderately limited" in the following areas:

8

> 7. The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.
> . . . .
> 11. The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.
> . . . .
> 14. The ability to accept instructions and respond appropriately to criticism from supervisors.
> 15. The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.
> . . . .
> 17. The ability to respond appropriately to changes in the work setting.

Tr. 321–322. Although the ALJ apparently adopted Dr. Walker's opinion otherwise, these limitations are not reflected in the ALJ's RFC assessment.[4] *See* Tr. 17–18 ("The state agency [sic] also opined [that Plaintiff] could perform work as determined in the above [RFC]. Additionally, there are no medical opinions to contradict the [RFC] I have determined in this decision. . . . I give great weight to the opinions of the state agency medical consultants[, including Dr. Walker]."); c*ompare id.* (Dr. Walker's limitations), *with* Tr. 14 (ALJ's RFC assessment). The Commissioner responds that Dr. Walker's opinion, in fact, is consistent with the ALJ's RFC assessment. [Doc. 16] at 6–7. She reasons that, even though Dr. Walker assessed the limitations above, "he went on to conclude that Plaintiff retained [the mental RFC ultimately reflected in the ALJ's decision]." *Id.* at 7 (citing Tr. 323 (Dr. Walker's RFC assessment)). The Court is not persuaded.

---

[4] Dr. Walker found that Plaintiff was "moderately limited" in the "ability to maintain attention and concentration for extended periods." Tr. 321. This limitation is adequately reflected in the RFC's limitation to "attend and concentrate for up to two hours at a time." Tr. 14.

9

Although ALJs are not required to discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why. SSR 96-5p, 1996 WL 374183 at *5. "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (alteration and internal quotation marks omitted)). *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). In *Haga*, in 2007, the Tenth Circuit held that the ALJ erred in failing to explain why he adopted some of a consultative examiner's ("CE's") restrictions but rejected others. *Id.* "[T]he ALJ did not state that any evidence conflicted with [the CE's] opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of [the CE's] restrictions but not others." *Id.* The court, therefore, remanded "so that the ALJ [could] explain the evidentiary support for his RFC determination." *Id.* Later in 2007, the Tenth Circuit expressly applied *Haga* and its reasoning to the opinions of non-examining physicians in *Frantz*, 509 F.3d at 1302–03.

Here, as in *Haga* and *Frantz*, the ALJ adopted portions of a non-examining physician's opinion but rejected other portions—without explanation. *See* Tr. 17–18. The Commissioner

argues, essentially, that there is no error because, Dr. Walker's specifically assessed limitations notwithstanding, the doctor crafted an RFC himself that the ALJ adopted. [Doc. 16] at 6. She cites no authority for her position and does not respond to the contrary authority cited by Plaintiff. *See id.* The Court is not persuaded.

Absent explanation, the ALJ was not entitled to pick and choose through Dr. Walker's opinion. If the ALJ intended to adopt only portions of Dr. Walker's opinion, she was required to explain why she adopted the portions that she adopted and why she rejected the portions that she rejected. Remand is warranted so that the ALJ can explain the evidentiary support for her RFC assessment.

## Conclusion

Some portions of the RFC assessment are not supported by substantial evidence. For example, the ALJ's assessment that Plaintiff can occasionally perform fine finger manipulations of both hands is contrary to Dr. Moedl's opinion, which is the only medical opinion in the record as to Plaintiff's ability to perform such manual manipulations. Remand is also warranted to allow the ALJ to explain why some of Dr. Walker's mental restrictions were adopted and some were not. Because the RFC assessment may be changed on remand to address these errors, the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**